[S. F. No. 15373. In Bank.—May 24, 1935.]

FOX PENINSULA THEATRE (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, and HARRY GRANT, Jr., a Minor, etc., Respondents.

R. P. Wisecarver for Petitioners.

Everett A. Corten and Keith & Creede for Respondents.

THOMPSON, J.—This case is before us on a writ to review an award of the Industrial Accident Commission in favor of the minor, Harry Grant, who was injured by a fall from a car in which he was being transported with others who were distributing advertising matter for the Fox Peninsula Theatre. He was at the time of the injury eighteen years old. The commission found the percentage of permanent disability to be 59¾.

The sole question for determination here is whether the evidence supports the following finding of the commission: "The foregoing disability indemnity is based on average earnings of $25 weekly, which is deemed to be the weekly sum that under ordinary circumstances he would probably have been able to earn after attaining the age of 21 years in the occupation in which he was employed at the time of injury, had he not been injured."

This finding was made under section 12 (c) of the Workmen's Compensation, Insurance and Safety Act of 1917, as amended (Deering's Gen. Laws, 1931), which provides: "If the injured employee is under twenty-one years of age, and his incapacity is permanent, his average weekly earnings shall be deemed, within the limits fixed, to be the weekly sum that under ordinary circumstances he would probably be able to earn after attaining the age of twenty-one years, in the occupation in which he was employed at the time of injury or in any occupation to which he would reasonably have been promoted if he had not been injured, and if such probable earnings after attaining the age of twenty-one years cannot reasonably be determined, such average weekly earnings shall be based upon three dollars a day for a six-day week." It is the contention of petitioners that the applicant's probable earnings at age twenty-one could not reasonably be determined and that the statutory basis of $3 a day for a six-day week should have been used in computing the compensation.

We have concluded that the evidence before the commission supported the finding complained of and hence it cannot be disturbed. The evidence upon which this finding is based shows that Harry Grant was eighteen at the time of the injury, which occurred on September 10, 1932; that he began work for the Fox Peninsula Theatre in 1928 on a part-time job as an usher, working from two to four hours a day with some extra work, at 30 cents an hour; that he quit in 1930 and went to sea as a cadet, returning to Burlingame in 1931 where he did odd jobs, also working for the Peninsula Theatre as a substitute usher at 30 cents an hour; that the theatre had the ushers distribute circulars from time to time and also got in additional men who were also paid 30 cents an hour; that Harry Grant had planned to take up aviation and was going to school a period in the

morning studying mathematics and that he neither intended to follow the sea nor to remain in the show business. Not being a regular usher, Grant was definitely occupied in distributing circulars at the time of his injury. As to his probable earnings in that occupation at the age of twenty-one, we have the testimony of R. S. Hunter, who was in the business of distributing advertising in Oakland, that any man regardless of his education or intelligence would earn in that occupation $3 a day for an eight-hour day, that if he had reasonable ability he could become a crew manager in about three months at $3.50 a day, the top for men on the street being $4, which he could obtain in another three months or so, that the usual man averages five days a week, but a certain number of the best men work fairly steadily six days a week, that there are other positions to work up to and that a boy like Harry Grant, whom the witness had known for years, starting at sixteen, working part time for two years and then steadily for three years, would be making not less than $100 a month at the age of twenty-one.

This, we think, affords a reasonable basis for the estimate that if Harry Grant had not been injured and had continued in the occupation in which he was engaged at the time of injury, he would probably have been earning a weekly wage of $25 at the age of twenty-one.

The award is affirmed.

Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.